Singh v. Sessions

BIA
Segal, IJ
A200 240 574

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of July, two thousand seventeen.

PRESENT:
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

SURINDER SINGH,
> *Petitioner,*

v.                                                16-356
                                                  NAC

JEFFERSON B. SESSIONS III, UNITED STATES
ATTORNEY GENERAL,*
> *Respondent.*

_____

FOR PETITIONER:            Jaspreet Singh, Jackson Heights,
                           N.Y.

FOR RESPONDENT:            Benjamin C. Mizer, Principal Deputy
                           Assistant Attorney General; Cindy S.

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jefferson B. Sessions III is automatically substituted for former Attorney General Loretta E. Lynch, as the Respondent in this case.

Ferrier, Assistant Director;
Michele Y. F. Sarko, Attorney,
Office of Immigration Litigation,
United States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Surinder Singh, a native and citizen of India, seeks review of a January 6, 2016, decision of the BIA, affirming a July 1, 2014, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Surinder Singh,* No. A200 240 574 (B.I.A. Jan. 6, 2016), *aff'g* No. A200 240 574 (Immig. Ct. N.Y. City July 1, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4); *Chuilu Liu v. Holder*, 575 F.3d 193, 194, 196 (2d Cir. 2009).

Under the REAL ID Act, which governs Singh's application, "[t]he testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii). The agency may require corroboration despite otherwise credible testimony, and deny an application based on the failure to provide such corroboration, so long as the corroborating evidence is reasonably available. *Id.*; *Yan Juan Chen v. Holder*, 658 F.3d 246, 251-52 (2d Cir. 2011). Before denying a claim solely based on an applicant's failure to provide corroborating evidence, the IJ must, either in her decision or otherwise on the record, (1) identify the missing evidence, and explain why it was reasonably available, and (2) provide an opportunity for the applicant to explain the omission and assess any explanation given. *Chuilu Liu*, 575 F.3d at 197-98. "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such

3

corroborating evidence is unavailable."  8 U.S.C. § 1252(b)(4).

The record does not compel a conclusion that the evidence the IJ sought was not reasonably available.  The IJ properly identified the missing evidence — an updated letter from the Congress Party committee chairman to corroborate Singh's testimony that the Congress Party was aware of the attacks on Singh and his father, and medical confirmation that Singh's memory was affected by his medical conditions or medication — and afforded Singh two additional months to obtain the evidence.  Accordingly, the IJ satisfied the statutory requirement of identifying the missing evidence.  *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Liu*, 575 F.3d at 197-98.  And the letters requested by the IJ were clearly available because they were in fact produced; however, they did not corroborate Singh's testimony.  Accordingly, we discern no error in the IJ's determination.  8 U.S.C. § 1252(b)(4).

Singh's failure to corroborate his and his father's alleged attacks is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief relied on Singh's affiliation with the Congress Party and the attacks he and his father allegedly suffered as a result.  *See*

*Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010); *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk